IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANIEL AUSTIN CHANEY                                              PLAINTIFF

v.                          Civil No. 4:19-cv-4098

OFFICER LANDON K. LOE, Texarkana,
Arkansas Police Department ("TAPD");
And OFFICER COBIN BROWN, TAPD                                     DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff Daniel Austin Chaney's failure to obey a Court order and failure to prosecute this case. Plaintiff filed his Complaint and Application to Proceed *in forma pauperis* on August 21, 2019. (ECF Nos. 1, 2). On August 22, 2019, this Court entered an Order directing Plaintiff to file an amended complaint by September 12, 2019. (ECF No. 6). Plaintiff was advised that his "case shall be subject to dismissal if [he] fails to return the Amended Complaint" by the deadline. *Id*. That order was not returned as undeliverable. As of the date of this order, Plaintiff has failed to file an amended complaint by the deadline established.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint (ECF No. 1) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge